# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD POTTS,

    Plaintiff,

v.

RONNIE HOLT, *et al.*,

    Defendants.

NO. 12-cv-1441

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Plaintiff Richard Potts' ("Potts") Motion for Relief from Judgment. (Doc. 82.) For the reasons stated below, Potts' motion will be granted.

## Background

Potts commenced this action against Defendants Ronnie Holt, Wayne Ryan, and Deshawn China (collectively, "Defendants") on July 26, 2012. (Doc. 1.) Defendants moved to dismiss the Complaint or, in the alternative, for summary judgment. (Doc. 39.) On January 22, 2014, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that Defendants' motion be granted. (Doc. 51.) Potts filed objections to the Report and Recommendation. (Doc. 52.) Once the objections were fully briefed, I adopted in part, modified in part, and rejected in part the Report and Recommendation and entered judgment in favor of Defendants on all claims. (Docs. 54; 55.)

Potts then filed an appeal with the United States Court of Appeals for the Third Circuit. (Doc. 56.) *See Potts v. Holt, et al.*, Civ. No. 14-2650 (3d Cir. 2015). The Third Circuit, on August 17, 2015, affirmed in part, vacated in part, and remanded the case. *See id*. The case was then recommitted to Magistrate Judge Carlson for further proceedings. (Doc. 60.)

On January 12, 2017, Defendants filed a Motion to Dismiss and Motion for Summary Judgment (Doc. 69), and on July 19, 2017, Magistrate Judge Carlson issued a Report and

Recommendation recommending that Defendants' motion be granted. (Doc. 77.) Plaintiff filed no objections by the due date of August 2, 2017. On August 9, 2017, I adopted the Report and Recommendation and directed the Clerk of Court to close the case. (Doc. 78.)

Subsequently, on August 21, 2017, the Court received notice that the Report and Recommendation served on Potts had been returned as undeliverable at Potts' address of record. (Doc. 79.) On August 28, 2017, the order adopting the Report and Recommendation was also returned as undeliverable, and Potts also filed a change of address form with the Court on the same date. (Docs. 80; 81.) Potts asserts that he sent the change of address on or around August 16, 2017. (Doc. 82-1 at ¶ 6.)

Bureau of Prison records reflect that on July 26, 2017, the BOP initiated the transfer of Potts from USP Atwater (his address reflected on the docket at the time the Report and Recommendation issued) to FCI Hazelton in West Virginia. (Doc. 83-1.) On July 26, 2017, Potts arrived at USP Victorville as a holdover inmate, and on August 4, 2017, he was moved to the Federal Transfer Center in Oklahoma City as a holdover inmate. (*Id.*) On August 14, 2017, Potts arrived at USP Hazleton. (*Id.*) According to Potts, he discovered the August 9, 2017, order adopting the Report and Recommendation through a Lexis Nexis search in or around November 2017. (Doc. 82-1 at ¶ 7.) He never received a copy of the Report and Recommendation or the Court's August 9, 2017, order adopting it. (*Id.* at ¶ 8.)

On December 4, 2017, Potts filed the instant motion for relief from judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. (Doc. 82.) Potts argues that he is entitled to relief from judgment pursuant to Rule 60(b)(1) because his failure to file objections to the Report and Recommendation was due to "mistake, inadvertence, surprise, or excusable neglect." (*Id.*) In particular, Potts contends his transfers between several different prisons during the time the Court attempted to serve him with the Report and Recommendation caused him not to receive it. (*Id.*) Defendants filed a brief on December 18, 2017, stating they

2

take no position on Potts' Motion because the docket does not reflect whether Potts was reserved with the Report and Recommendation at his new address. (Doc. 83.)

## Discussion

Potts' motion for relief from judgment will be granted. His argument for relief under Rule 60(b)(1) most closely aligns with the provision for "excusable neglect," and I will therefore analyze his claim under this factor. "The assessment of whether a party's neglect is excusable is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file." *Hart v. Oppman*, 703 Fed.App'x. 146, 148 (3d Cir. 2017) (internal quotations and citations omitted). When evaluating a Rule 60(b)(1) motion that invokes excusable neglect as a ground for relief, the district court must consider "'the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 182 (3d Cir. 2000) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).[1] When evaluating a Rule 60(b)(1) excusable neglect motion, a district court must "entertain[] an analysis" of each of the Pioneer factors. *Hart*, 703 Fed.App'x. at 148-49 (quoting *PRIDES Litig.* at 395).[2]

---

[1] Defendants cite Third Circuit case law holding that relief under Rule 60(b) is to be "granted only where extraordinary justifying circumstances are present." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991)(quoting *Plisco v. Union R. Co.*, 379 F.2d 15, 16 (3d Cir. 1967)); *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). These cases were all decided before *Pioneer*, which gave the term "excusable neglect" a "'new and broader meaning.'" *See George Harms Const. Co., Inc. v. Chao*, 371 F.3d 156, 163 (3d Cir. 2004) (quoting *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 361-62 (7th Cir. 1997)). A party seeking relief under Rule 60(b) is now required to show "extraordinary justifying circumstances" only when making a motion under Rule 60(b)(6). *See, e.g., Ethan Michael Inc. v. Union Twp.*, 392 Fex.App'x. 906, 910 (3d Cir. 2010).

[2] Although the *Pioneer* decision involved a Bankruptcy Rule, courts have subsequently held that the Court's interpretation of the term "excusable neglect" extends to other federal procedural rules, including Fed. R. Civ. P. 60(b)(1). *See George Harms*, 371 F.3d at 163.

3

The Court will address each of the *Pioneer* factors in turn. First, the consideration of prejudice appears to weigh in Potts' favor. "Of course, it is always prejudicial for a party to have a case reopened after it has been closed advantageously by an opponent's default. But we do not think that is the sense in which the term 'prejudice' is used" in the context of the *Pioneer* factors. *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 127 (3d Cir. 1999) (quoting *Pratt v. Philbrook*, 109 F.3d 18, 22 (1st Cir. 1997)). Stated differently, the fact that a party will have to litigate a case if a default judgment is set aside does not amount to prejudice. *Sourcecorp Inc. v. Croney*, 412 Fed.App'x. 455, 459-60 (3d Cir. 2011). Defendants have not argued that they will be prejudiced if Potts' motion is granted, and Potts will suffer significant prejudice if judgment is entered against him without his objections being heard.

Second, the relatively short time (just under four months) between entry of the judgment and the filing of Potts' motion weighs in favor of granting the motion. *See Avon Contractors, Inc. v. Sec'y of Labor*, 372 F.3d 171, 174 (3d Cir. 2004) (finding a delay of about three months "did not negatively impact the proceeding"); *see also Dejesus v. Carey*, No. 3:15-CV-2504, 2016 WL 4771073, at *2 (M.D.Pa. September 12, 2016) (finding a delay of nearly four months between the date of the judgment and the filing of the Rule 60(b) motion "weigh[ed] slightly in favor" of the movant); *Stitzel v. Guarini*, No. CIVA 03-4760, 2006 WL 1805972, at *7 (E.D.Pa. June 27, 2006) (finding a delay of over nine months, "while quite long," had not had significant effects on the judicial proceedings). There is also no evidence that a delay in this case would result in any negative impact to the proceedings at hand.

Third, a consideration of Potts' reasons for failing to timely respond to the Report and Recommendation weighs in his favor. The plain meaning of neglect includes commonplace mistakes and errors that are reasonable. *Pioneer*, 507 U.S. at 388. Lack of awareness of court proceedings due to not receiving notice via mail has been held to be excusable neglect. *See George Harms*, 371 F.3d at 163 (finding excusable neglect where a normally effective internal

mail-handling system seemed to have failed); *In re Orthopedic Bone Screw Products Liability Litigation*, 246 F.3d 315, 326-27 (3d Cir. 2001) (finding excusable neglect for seven month delay where potential claimant in class action had not received actual notice of the litigation mailed to his address). Potts' proffered reason for his failure to timely respond to the Report and Recommendation is his repeated transfer between prisons over the course of several weeks, which caused him not to receive notice that the Report and Recommendation had been filed. Other courts in the Third Circuit, whose reasoning I find persuasive, have granted relief based on excusable neglect under similar circumstances involving prison transfers. *See Stitzel*, *supra*, at *6 (finding excusable neglect where plaintiff was transferred between prisons and had limited access to typing facilities); *Iannace v. Rogers*, Civ. No. 03-5973, 2006 WL 2038492, at *3-4 (D.N.J. July 18, 2006) (finding excusable neglect where petitioner argued his delay was caused by, *inter alia*, his transfer to a prison where he did not have adequate access to mail). In addition, Potts' numerous transfers were entirely outside of his control, further supporting the conclusion that the third *Pioneer* factor should be weighed in his favor.

Finally, there is nothing in the record to indicate Potts acted in bad faith in failing to timely file his objections to the Report and Recommendation. Further, Potts stated that he sent a change of address form to the Court two days after arriving at his final prison location, and that he took the initiative to find his case on Lexis Nexis to keep abreast of any developments, which is how he found out about the order adopting the Report and Recommendation. (Doc. 82-1 at ¶ 7.) This weighs in favor of finding that Potts acted in good faith.

Potts' motion for relief from judgment will therefore be granted.

An appropriate order follows.

| | |
|---|---|
| January 29, 2018<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |